IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1327** |
| Plaintiff | : | (Judge Nelaon) |
| v. | : | (Magistrate Judge Blewitt) |
| SGT. MIKE RISTOWSKI, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I.    BACKGROUND.**

On May 15, 2013, Plaintiff Sean M. Donahue, a former prisoner at Luzerne County Correctional Facility ("LCCF"), located in Wilkes-Barre, Pennsylvania, filed, *pro se*, this action on a 5-page form civil rights Complaint, under 42 U.S.C. §1983.[1] On June 3, 2013, Luzerne County Commissary Bookkeeper notified the Court that Plaintiff Donahue was released from LCCF on bail on May 28, 2013. Thus, the Luzerne County Commissary Bookkeeper was returning to this Court the Administrative Orders this Court sent to LCCF directing the Warden to deduct funds from Plaintiff Donahue's inmate account to pay the filing fees in the civil rights cases Plaintiff filed with this Court. Therefore, Plaintiff was confined in LCCF from the date of his arrest on August 21, 2012, through May 28, 2013, when he was released on bail pending his trial on criminal charges in

---

[1] We note that Plaintiff filed two previously civil rights actions with this Court. At or around the time of the instant Complaint, he additionally filed 21 other actions. Thus, Plaintiff had 23 cases pending before this Court. On May 31, 2013, the Court issued an Order and dismissed without prejudice Plaintiff 's Civil No. 13-1043, M.D. Pa., case since Plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis*, after a 30-Day Administrative Order was issued. (Doc. 6, Civil No. 13-1043). Plaintiff now has 22 cases pending with this Court.

Luzerne County.

On June 3, 2013, Plaintiff notified the Court of his change of address, stated that he was released from LCCF on bail and, that he now resides at 625 Cleveland Street, Hazleton, Pennsylvania. (Doc. 7).

Named as Defendants in the present Complaint are LCCF Sergeant Mike Ristowski, an unknown LCCF Corrections Officer ("CO"), and LCCF.

Since Plaintiff failed to pay the filing fee or submit the forms required to proceed *in forma pauperis*, a 30-Day Administrative Order was issued on May 16, 2013. (Doc. 3). Subsequently, on May, 28, 2013, Plaintiff file an Application to proceed *in forma pauperis*. (Doc. 4).

**II.     ALLEGATIONS OF COMPLAINT (DOC. 1).**

In the Statement of Claim of his present Complaint, Doc. 1, pp. 3-4, Plaintiff states:

> On Jan. 21, 2013, Sgt. Ristowski (aka "Sgt. Mike") threatened to gouge my eyes out with a pen. Another corrections officer did nothing to correct the sergeant or to arrest him for threatening me. I complained to every Luzerne County law enforcement agency and every Pennsylvania law enforcement agency and a local magistrate. No one has investigated or arrested Sgt. Ristowski for making the threat.

As relief in his Complaint, Plaintiff requests as follows:

(1) Order a federal investigation.
(2) Order the arrest of Sgt Ristowski.
(3) Order that charges and arrests be made of every corrections officer and law enforcement officer who did nothing to correct this situation.
(4) Order each party to pay me $1 million dollars.
(5) Order that I be appointed an attorney in this matter.

(Doc. 1, p. 4).

In his Complaint, Plaintiff indicates that LCCF has administrative remedies available and that he filed grievances. (Doc. 1, p. 2). Plaintiff states that "I filed grievances and request forms asking the Deputy Warden to check on the criminal Complaints that I filed with the Sheriff." Plaintiff also states that the result of his grievances was that "they refuse to check on matter." Thus, while Plaintiff states that his grievances pertained to asking the LCCF Deputy Warden to check on the criminal Complaints he filed with the Sheriff against Defendant Ristowski, he does not state that he filed any grievance about the alleged threat Ristowski made against him on January 21, 2013, at LCCF and, the alleged failure to the Defendant Unknown CO to correct or punish Ristowski for the threat.

As such, the Complaint does not conclusively state whether the Plaintiff exhausted all available LCCF administrative remedies regarding the Eighth Amendment conditions of confinement claims in accordance with the PLRA requirements.[2] (Doc. 1, pp. 1-5). *See Farmer v. Brennan*, 511

---

[2]Plaintiff must fully exhaust the LCCF administrative remedies with respect to each one of his constitutional claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

We note that while it is not indicated in the Complaint if the Plaintiff exhausted his administrative remedies available at LCCF with respect to his instant claims, an inmate does not have to allege in his Complaint that he exhausted his administrative remedies and Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). However, when the inmate admits on the face of his pleading that he did not exhaust his administrative remedies, the Court can, *sua sponte*, dismiss the case without prejudice. *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10).

U.S. 825, 832-33, 114 S.Ct. 1970 (1994)(The Eighth Amendment imposes affirmative duties on prison officials to provide inmates with humane conditions of confinement).

We will now screen the **Document 1** Complaint as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568, F.Supp.2d 579, 587-88 (W.D. Pa. 2008).

### III. STANDARDS OF REVIEW.

#### *A.    PLRA*

As stated, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 4). The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

#### *B.    42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

(2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); s*ee also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown

> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

### C. *Motion to Dismiss*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United
> States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,*
> 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct.
> 1937 (2009). "[T]o survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as true to 'state a claim
> that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing
> *Twombly,* 550 U.S. at 570). The Court emphasized that "only a
> complaint that states a plausible claim for relief survives a motion
> to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining
> whether a complaint states a plausible claim for relief will ... be a
> context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense." *Id.* (citation omitted).
> *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The
> Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail
> and provided a road map for district courts presented with a
> motion to dismiss for failure to state a claim in a case filed just a
> week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203
> (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## IV. DISCUSSION.

Initially, we again find that the prison named as a Defendant in Plaintiff's Complaint, LCCF, is not a proper Defendant in a §1983 civil rights action. A civil rights action cannot be maintained against LCCF because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568 (1977); *see also Slagle v. County of Clarion,* 435 F.3d 262, 264 n. 3 (3d Cir.2006) (the Third

Circuit stated that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'").

Thus, as we have previously recommended in all of Plaintiff's cases in which he named LCCF as a Defendant, we will again recommend that Defendant LCCF be dismissed with prejudice from this case. Based upon the above, we find futility in allowing an amended Complaint with respect to the constitutional claims as against Defendant LCP. *See Will*, *supra*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

As mentioned, it does not appear that Plaintiff exhausted his LCCF administrative remedies with respect to his claims against Defendant Ristowski and Defendant Unknown CO. As mentioned, on the face of his Complaint, Plaintiff appears to admit that he failed to exhaust his LCCF administrative remedies with respect to his instant claims. Rather, as stated, Plaintiff only indicates that he filed grievances and requests forms with LCCF Deputy Warden to find out the status of the criminal Complaints he filed with the Sheriff against Defendant Ristowski. Plaintiff does not state that he filed any grievance regarding his present constitutional claims against Defendant Ristowski and Defendant Unknown CO.

A prisoner is barred from bringing a civil rights action in federal court "until such administrative remedies as are available have been exhausted." 42 U.S.C. §1997e(a). In screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss without prejudice Plaintiff's action regarding his constitutional claims which are not yet exhausted

because his Complaint makes clear that he has not commenced the prison's administrative remedy process. (Doc. 1, pp. 2-3). *See Jones v. Lorady*, 2011 WL 2461982 (M.D. Pa. 6-17-11)(citing *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10)).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10), the Third Circuit stated:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*See Robinson v. Varano,* Civil No. 10-2131, M.D. Pa.; *Jones, supra*.

As the Courts have repeatedly held, it is well-settled that the Plaintiff inmate must exhaust his administrative remedies **prior** to filing a civil rights suit. *See Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64; *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law, including this *Bivens* action. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong." *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D.Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative remedies before filing suit in federal court.")(citation omitted). Further, the Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

"A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit." *Lombardi v. Pugh*, 2009 WL 1649908, *3(M.D. Pa. 6-9-09)(citation omitted). Further, "the exhaustion requirement is not satisfied if the inmate files an action in the district court prior to completing the administrative remedy process." *Id.*(citation omitted); *See also Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64(Court stated that "most circuit courts are in agreement that a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court.")(emphasis original)(citations omitted).

The Third Circuit has repeatedly stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, *1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted); *Ahmed v. Dragovich*, 297 F.3d at 209 & n. 9 . The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts*, 2007 WL 3096585, *1; Spruill v. Gillis,* 372 F. 3d 218, 228-230 (3d Cir. 2004); *see also Nyuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).

As we have repeatedly stated in Plaintiff 's numerous cases, we take judicial notice that LCCF had an administrative remedy policy during the relevant times of this case. As stated,

Plaintiff appears to admit on the face of his instant Complaint that he has not exhausted his LCCF administrative remedies with respect to his claims. Plaintiff also seems to indicate that he is excused from exhaustion since he decided to file criminal Complaints with the local and state law enforcement officials, including the Luzerne County Sheriff and DA as well as the PA Attorney General, the FBI and a Magisterial District Judge. (Doc 1, p. 3). However, as discussed herein, exhaustion is still required.

As stated, we construe the Complaint as raising an Eighth Amendment conditions of confinement claim at LCCF regarding the alleged verbal threat Defendant Ristowski made to him and the failure of the Unknown CO to correct or arrest Ristowski.[4] "To prevail on a conditions of confinement claim, a Plaintiff must show: (1) that the prison conditions pose a substantial risk of harm; and (2) that the prison official was deliberately indifferent to that risk." *Zimmerman v. Schaeffer*, 654 F.Supp.2d 226, 248 (M.D. Pa. 2009)(citations omitted). "An officer who is deliberately indifferent must be both aware of the facts from which the inference of a substantial risk of harm could be drawn, and the officer must actually draw that inference." *Id.*(citing *Farmer,* 511 U.S. at 837).

---

[4] In his Complaint, Plaintiff does not indicate if he was a pre-trial detainee at the time he was allegedly threatened by Defendant Ristowski at LCCF or if he was convicted and serving a prison sentence. Plaintiff's Luzerne County Court Criminal Docket in case CP-40-CR-3501-2012, indicates that Plaintiff was a pre-trial detainee at LCCF from August 21, 2012 through May 28, 2013. Regardless, Plaintiff's constitutional claims are analyzed under the Eighth Amendment standard. *See Tapp v. Proto,* 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010), which states, if the inmate is a pre-trial detainee, his cruel and unusual punishment claim falls under the Fourteenth Amendment, but the Eighth Amendment standard is utilized.

In *Carpenter v. Kloptoski,* 2011 WL 995967, *6 (M.D. Pa. 3-17-11), the Court stated:

> An Eighth Amendment violation occurs when the prison official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the minimal civilized measure of life's necessities." *See Farmer,* 511 U.S. at 832 (1994). Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See id.* at 847, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811. Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." *See Singletary v. Pennsylvania Dept. Of Corrections,* 266 F.3d 186, 193 n. 2 (3d Cir.2001).

Plaintiff does not allege that any LCCF official was personally aware that he faced a substantial risk to serious harm due to the verbal threat by Defendant Ristowski and, that any official exposed him to a serious risk by not taking corrective action against Ristowski. Nor has Plaintiff alleged any facts from which it can be reasonably inferred that he was subjected to a substantial risk of serious harm since Plaintiff admits that the threat was only verbal and he does not aver that Ristowski or any LCCF staff member assaulted him. Thus, Plaintiff's allegations regarding the verbal threat cannot be perceived as presenting a substantial risk of serious harm. In fact, we find that Plaintiff's allegation do not amount to constitutional claims and they are not actionable in a §1983 civil rights suit. As stated, in his Complaint, Plaintiff does not allege that he was caused any physical harm by Defendants or by any LCCF staff member.

Moreover, Courts have recognized the use of words does not generally constitute any action cognizable under §1983. As the Court stated in *Aponte v. Karnes*, 2008 WL 360879, *3 (M.D. Pa.):

> It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. *Johnson v. Glick,*

> 481 F.2d 1028, 1033 n. 7 (2d Cir.1973), *cert. denied,* 414 U.S.
> 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Maclean v. Secor,*
> 876 F.Supp. 695, 698-99 (E.D.Pa.1995); *Murray v. Woodburn,*
> 809 F.Supp. 383, 384 (E.D.Pa.1993) ("Mean harassment ... is
> insufficient to state a constitutional deprivation."); *Prisoners'
> Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J.1993)
> ("[V]erbal harassment does not give rise to a constitutional
> violation enforceable under § 1983 [or 1331]."); *Jones v.
> Superintendent,* 370 F.Supp. 488, 491 (W.D. Va.1974).

Thus, it has been recognized that the use of words generally cannot constitute actionable conduct under § 1983. *See Walker v. Carrasquillo*, 4:CV-06-693, 2006 WL 1094541 (M.D. Pa. Apr. 24, 2006)(citing *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2d Cir.), *cert. denied*. "A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's Cruel and Unusual Punishment Clause, see *Prisoners' Legal Ass'n,* 822 F.Supp. at 189, or under the Fifth Amendment's substantive Due Process Clause, see *Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.), *cert. denied,* 502 U.S. 879, 112 S.Ct. 226, 116 L.Ed.2d 183 (1991)." *Walker v. Carrasquillo*, 4:CV-06-693, 2006 WL 1094541 (M.D. Pa. Apr. 24, 2006).

As mentioned, Plaintiff Donahue does not allege any actual harm or physical contact from Defendant Sergeant Ristowski, and his allegations amount to solely verbal threats. Pursuant to the above cited cases, even if Plaintiff can prove his allegations, he still does not have a claim under § 1983. Thus, we will recommend that Defendant Ristowski be dismissed with prejudice from this case. Based upon the above, we again find futility in allowing an amended Complaint with respect to Plaintiff's constitutional claim against Defendant Ristowski. *See Aponte*, *supra*;

13

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

Finally, since Plaintiff has failed to state any cognizable constitutional claim against Defendant Ristowski, Defendant Unknown CO had no duty to protect the Plaintiff or to intervene. Thus, we will recommend Complaint against and Defendant Unknown CO be dismissed with prejudice as well. We again find futility in allowing an amended Complaint with respect to the constitutional claims against and Defendant Unknown CO. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

We again find that the equitable relief which Plaintiff has repeatedly requested in his Complaints is all subject to dismissal. We find that to the extent that Plaintiff is seeking this Court to Order a federal investigation and, to Order the filing criminal charges and the arrest of Defendant Ristowski as well as the arrest of every CO and law enforcement officer who failed to correct the alleged threat against him, this Court cannot grant as relief in the present case the initiation of any criminal prosecution. The Third Circuit has held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief for the arrest of Defendants with respect to alleged criminal conduct in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to have the FBI commence a criminal investigation and, is seeking this Court

to Order Defendant Ristowski arrested and every CO and law enforcement officer arrested and charged for their alleged illegal behavior, these requests are subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on the foregoing, we find futility for the Court to allow Plaintiff to amend his Complaint with respect to these requests for equitable relief.

**V.     RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint **(Doc. 1)** be dismissed with prejudice, in its entirety. It is also recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (**Doc. 4**) be granted solely for the purpose of filing this action. Finally, it is recommended that the Court close this case.


                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**


**Dated: June 11, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1327** |
| Plaintiff | : | (Judge Nelaon) |
| v. | : | (Magistrate Judge Blewitt) |
| SGT. MIKE RISTOWSKI, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 11, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**


**Dated: June 11, 2013**