# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE,<br>Plaintiff | : | CIVIL ACTION NO. 3:13-CV-1327 |
| v. | : | |
| | : | (JUDGE NEALON) |
| RISTOWSKI, ET AL.,<br>Defendants | : | (MAGISTRATE JUDGE BLEWITT) |

FILED SCRANTON
JUL 3 0 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

On May 15, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names Sergeant Mike Ristowski, unknown corrections officers, and the LCCF as Defendants. (Id.). Plaintiff alleges that on January 21, 2013, Sergeant Ristowski "threatened to gouge [his] eyes out with a pen", that "[a]nother corrections officer did nothing", and that none of the law enforcement agencies he complained to "investigated or arrested Sgt Ristowski." (Id.). He filed a motion for leave to proceed in forma pauperis on May 28, 2013. (Doc. 4).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 9) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 11, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed in its entirety with prejudice, and that the motion for leave to proceed in forma

---

[1] Plaintiff has since been released on bail. See (Docs. 7-8).

[2] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 10). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, before the R&R was issued. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of

---

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 9, pp. 4-6). As to Defendant LCCF, Magistrate Judge Blewitt determines that the LCCF is not a proper defendant because it is not a "person" subject to suit under federal civil rights laws. (Doc. 9, pp. 7-8), citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Accordingly, the Magistrate Judge concludes that it would be futile to afford Plaintiff an opportunity to file an amended complaint against Defendant LCCF. (Doc. 9, p. 8), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Next, Magistrate Judge Blewitt discusses the verbal harassment claim, finding that "Plaintiff's allegation[s] do not amount to constitutional claims and they are not actionable in a §1983 civil rights suit." (Doc. 9, pp. 11-12). The R&R explains that "the use of words generally cannot constitute an assault actionable under § 1983." (Id.), quoting Aponte v. Karnes, 2008 U.S. Dist. LEXIS 9675, *7

3

(M.D. Pa. 2008) (Jones, J.). Magistrate Judge Blewitt reasons that even if Plaintiff could prove his allegations, he does not have an actionable claim against Defendant Ristowski and leave to amend would be futile. (Doc. 9, pp. 13-14). Further, the R&R determines that because there is no constitutional violation by Defendant Ristowski, the unknown corrections officer had no duty to protect and it would be futile to permit an amended complaint. (Id.).[4]

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint and all Defendants will be dismissed with prejudice and without leave to amend. See Jones v. Wetzel, 2012 U.S. Dist. LEXIS 188145, *14-15 (M.D. Pa. 2012) (Blewitt, M.J.) (concluding that it would be futile to allow the plaintiff to amend the complaint with regard to his claim that corrections officers used racial slurs and verbally harassed him because "such allegations do not amount to a constitutional claim"), adopted by, 2012 U.S. Dist. LEXIS 188157 (M.D. Pa. 2012) (Munley, J.); Jones v. Luzerne County Corr. Facility, 2010 U.S. Dist. LEXIS 86430, *20 (M.D. Pa. 2010) (Vanaskie, J.) (holding that "words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer"). Additionally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013            _____
                                                       United States District Judge

---

[4] The R&R also notes that it does not appear from the face of the complaint that Plaintiff exhausted administrative remedies with respect to his claims and, that to the extent Plaintiff seeks an order requiring a federal investigation and the arrest of Defendants, this Court is without authority to grant such relief. See (Doc. 9, pp. 8-11, 14-15).

4